IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVIS PORTER,

    Plaintiff,

vs.

PENNYMAC LOAN SERVICES, LLC,

    Defendant.

Case No. 14-cv-379-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Travis Porter's motion to remand (Doc. 12) to which defendant PennyMac Loan Services, LLC ("PennyMac") has responded.  For the following reasons, the Court grants the motion to remand.

Porter filed his complaint in the Circuit Court of the First Judicial Circuit, Jackson County, Illinois, alleging a claim arising under Illinois' Consumer Fraud and Deceptive Business Practices Act.  Specifically, Porter alleged PennyMac's manner of demanding payment on his mortgage loan and making negative reports to the credit bureaus constituted unfair acts and practices.  Porter did not plead a cause of action arising under a federal law.

PennyMac removed the action to this Court alleging this Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because Porter's state law claim implicates significant federal issues.  Specifically, PennyMac argues that PennyMac's servicing of Porter's monthly escrow obligations are governed by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* and its implementing regulations, 24 C.F.R. Part 3500.  PennyMac reasons that its liability under Illinois' Consumer Fraud and Deceptive Business Practices Act turns on whether PennyMac complied with RESPA.

Porter filed a motion to remand arguing this Court lacks jurisdiction because Porter's complaint is premised solely on Illinois state law and not on RESPA. PennyMac responded arguing "the complaint raises a substantial federal issue sufficient to establish federal jurisdiction" because "[t]he management of mortgage escrow accounts is governed by RESPA, and Porter's mortgage specifically provides that his escrow account will be handled in accordance with RESPA" (Doc. 15, p. 1). The Court will now consider whether it must remand this case to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction bears the burden of establishing the existence of the district court's original jurisdiction. *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Any uncertainty as to federal jurisdiction must be resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal question is present only if (1) pursuant to the well-pleaded complaint rule, the plaintiff pleads a federal cause of action on the face of the complaint, *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974); or (2) "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims" *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Here, Porter's complaint alleges only state law causes of actions. Porter chose to avoid federal jurisdiction by basing his causes of action on state law. *See Pan Am. Petro. Corp. v. Superior Court*, 366 U.S. 656, 662-63 (1961) ("the party who brings a suit is master to decide what law he will rely upon"). Pennymac merely alleges that the terms of the mortgage implicate RESPA and the state court may have to decide whether PennyMac complied with RESPA. The prospect that the state court may have to apply portions of RESPA to the claim does not turn this into a *substantial* federal question. PennyMac has failed to bear its burden in showing that this Court has subject matter jurisdiction. As such, the Court must remand this case to state court pursuant to 28 U.S.C. § 1447(c).

For the foregoing reasons, the Court **GRANTS** Porter's motion to remand (Doc. 12) and **REMANDS** this case to the Circuit Court for the First Judicial Circuit, Jackson County, Illinois, for lack of federal subject matter jurisdiction. The Court **DENIES as moot** all pending motions.

**IT IS SO ORDERED.**

**DATED:** July 16, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
